```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

PHILLIP ROBINETTE,                §
                                  §
         Petitioner,              §
                                  §
VS.                               §    Civil Action No. 4:16-CV-412-Y
                                  §
RODNEY W. CHANDLER, Warden,       §
FMC-Fort Worth,                   §
                                  §
         Respondent.              §

## OPINION AND ORDER

Before the Court is petitioner Phillip Robinette's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 against Rodney W. Chandler, warden of the Federal Medical Center in Fort Worth, Texas ("FMC-Fort Worth"), Respondent. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is serving a 235-month term of imprisonment on his 2010 conviction in the Eastern District of Texas for conspiracy to possess with intent to distribute a controlled substance. (Resp't's App. 32, ECF No. 13.) By way of the instant petition, Petitioner seeks prior custody credit from June 20, 2008, through July 10, 2009, toward his federal sentence for time spent in state custody.[1]

---

[1] Respondent asserts that the petition should be dismissed for failure to exhaust administrative remedies. (Resp't's Resp. 3-5, ECF No. 4.) However, because Petitioner is not entitled to the relief he seeks, the petition is denied on the merits. 28 U.S.C. § 2254(b)(2).

(Pet. 1, ECF No. 1; Pet'r's Objs. to Resp. 5, ECF No. 16.)

To establish the factual background of the case, the government has provided the declaration of Forest Kelly, a Correctional Program Specialist at the Designation and Sentence Computation Center of the Bureau of Prisons (BOP), providing:

> . . .
>
> 3. It is my understanding that Petitioner, Philip Robinette . . . alleges he is entitled to approximately 385 days of prior custody credit from June 20, 2008 through July 10, 2009. I have reviewed the sentence computation for Petitioner.
>
> 4. On December 8, 1994, the 265th Judicial District Court of Dallas County, Texas, sentenced Petitioner to a 16-year term of confinement for Theft of 20k, in case number F-9400515.
>
> 5. Petitioner was released from the Texas Department of Criminal Justice (TDCJ) on mandatory supervision on April 26, 2007.
>
> 6. On June 20, 2008, a mandatory supervision violation warrant was executed for Petitioner. On or around June 21, 2008, Petitioner was charged with Manufacturing/Delivery of a Controlled Substance, in case number F-0834043. The State of Texas dismissed case number F-0834043 on February 16, 2009; however, this offense is related to Petitioner's instant federal offense.
>
> 7. The State of Texas revoked Petitioner's mandatory supervision on April 2, 2009, and on April 28, 2009, Petitioner was returned to TDCJ custody as a mandatory supervision violator from Dallas County.
>
> 8. On May 14, 2009, Petitioner was indicated [sic] by a federal grand jury for the Eastern District of Texas, Sherman Division, on one count of Conspiracy to Distribute or Possess with Intent to Distribute or Dispense Methamphetamine and Gamma Hydroxybutyrate ("GHB"), in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1).

9.  On June 3, 2009, Petitioner was transferred from TDCJ to federal custody pursuant to a writ of habeas corpus ad prosequendum.

10. Jail credit was applied to Petitioner's state sentence for the period of November 30, 2007, forward. Petitioner was released by the State of Texas on June 26, 2009, via mandatory supervision, to the custody of federal authorities.

11. On July 7, 2010, the United States District Court for the Eastern District of Texas sentenced Petitioner to a 240-month term of imprisonment for a violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1), Conspiracy to Distribute or Possess with Intent to Distribute or Dispense Methamphetamine and GHB.

12. On January 11, 2011, the State of Texas discharged Petitioner's state sentence without further obligation.

13. On September 24, 2015, Petitioner federal sentence was reduced from 240 months to 235 months.

14. On January 21, 2016, Petitioner filed Administrative Remedy Number 849181 at his local institution requesting jail credit on his sentence. This request was rejected for failing to attempt informal resolution and failing to submit his request th[r]ough his counselor or other authorized person. Petitioner did not resubmit his remedy and has not filed any other administrative remedies requesting jail credit or challenging his sentence computation.

15. Petitioner's federal sentence was computed to commence on July 7, 2010. He was awarded 375 days of prior custody credit for June 27, 2009, through July 6, 2010. If Petitioner receives all good conduct time projected, it is anticipated that he will be released from BOP custody on September 21, 2026.

(Resp't's App. 20-21, ECF No. 13.)

According to Petitioner, he was arrested on June 20, 2008, and the evidence seized from the arrest was used in both the state case

in F-0834043, which was later dismissed, and the federal case under which he is currently confined. Thus, he urges that he is entitled to credit from June 20, 2008, the date of his arrest, through July 10, 2009, toward his federal sentence for the time spent confined under case number F-0834043 because the time was not credited to any state sentence.

II. DISCUSSION

When administering a federal sentence, the BOP must give a defendant credit for any time that he spent in official detention prior to the date on which he commenced service of that sentence, as a result of the offense for which the sentence was imposed or any other charge for which he was arrested after he committed that offense, that has not been credited against another sentence. 18 U.S.C. § 3585(b). Section 3585(b) expressly prohibits awarding a prisoner "double credit for his detention time."[2] *United States v. Wilson,* 503 U.S. 329, 337 (1992).

In this case, jail credit was applied to Petitioner's 16-year state sentence in case number F-9400515 from November 30, 2007, through his release to mandatory supervision or parole on June 26, 2009. (Resp't's App. 2 & 26, ECF No. 13.) And, the BOP applied jail credit to his federal sentence thereafter from June 27, 2009,

---

[2]Limited exceptions to the prohibition of double credit can arise when the federal sentence runs concurrently with a state sentence. *See Kayfez v. Gasele,* 993 F.2d 1288 (7th Cir.1993); *Willis v. United States,* 438 F.2d 923 (5th Cir. 1971). No such exception applies here.

4

through July 6, 2010, the day before his federal sentence commenced. (*Id.* at 2-3.) Thus, contrary to Petitioner's assertion, the time in question was credited toward either a valid state sentence or Petitioner's federal sentence. Consequently, he is not entitled to additional time credit.

For the reasons discussed, Petitioner's petition for a writ of habeas corpus is DENIED.

Further, a certificate of appealability will not be issued. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Petitioner has not made a showing that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or would otherwise question this Court's resolution of Petitioner's claim. Therefore, a certificate of appealability should not issue.

SIGNED August 3, 2017.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE